IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| JOHN MURPHY, | CIVIL ACTION NO: 1:20-CV-12228-RBK-KMW |
| Plaintiff, | |
| vs. | |
| TOWNSHIP OF DEPTFORD; SGT. MAUREEN V. BANEY; SGT. DAVID H. WENTZ; SGT. RUDY RUIZ, and OTHER YET-AS- UNKNOWN, UNIDENTIFIED OR MISIDENTIFIED OFFICERS OF THE DEPTFORD TOWNSHIP POLICE DEPARTMENT, JOHN DOES 1-10, | **FIRST AMENDED COMPLAINT**<br>**JURY TRIAL REQUESTED**<br>**AS TO ALL COUNTS** |
| Defendants. | |

## COMPLAINT

Plaintiff, JOHN MURPHY, by and through his attorney, Michael Rakoski, Esquire, of the law firm of Rakoski & Associates, LLC., hereby states and alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking to redress the deprivation, under color of law, of Plaintiff's rights as secured by the United States Constitution and the Constitution of the State of New Jersey.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper under 28 U.S.C. § 1391(b).

4. The parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred in this jurisdiction as well.

## THE PARTIES

5. Plaintiff, John Murphy is a 58-year-old man and resident of Deptford Township, Gloucester County, New Jersey.

6. Plaintiff's personal residence is at 1042 Madison Drive, Township of Deptford, County of Gloucester, and State of New Jersey (the "Home").

7. Defendant, the Deptford Township ("DT") is a municipal entity located at 1011 Cooper Street, Township of Deptford, County of Gloucester and State of New Jersey which employs or employed the Defendant officers.

8. At all times relevant hereto, Defendant, Sgt. Maureen V. Baney ("Sgt. Baney"), Sgt. David Wentz ("Sgt. Wentz"), and Sgt. Rudy Ruiz ("Sgt. Ruiz") (collectively Sgt. Baney, Sgt. Wentz, and Sgt. Ruiz may hereinafter be referred to as the "Officers") were duly appointed officers with the Deptford Township Police Department.

9. The Officers are being sued in their individual capacities, and all acted under color of law and in the scope and course of their employment while engaging in the actions alleged in this Complaint.

10. At all times relevant hereto, Defendants John Does 1-10 were agents and/or employees of Deptford Township and the Deptford Township Police Department ("DTPD") and as such were acting within the scope and course of their employment and agency and with knowledge and consent and at the direction of the DTPD and as such all acted under the color of law in so doing. Should discovery reveal the identity of any additional individuals, the Complaint shall be amended.

## FACTS COMMON TO ALL COUNTS

11. Each of the foregoing paragraphs of this Complaint are incorporated herein as if restated fully herein.

12. On or about September 15, 2018, the DTPD received an anonymous tip (the "Tip") that an individual at the Home posted a photograph on Facebook of himself holding a gun and was distraught due to the recent death of his wife. The pictures were posted without any comment regarding threat to himself or others.

13. The Officers responded to the Tip at the Home which is owned by Plaintiff.

14. The Officers proceeded to knock loudly on the door to the Home.

15. Plaintiff opened the door, at which time the Officers grabbed and pulled the Plaintiff from the Home without comment forcibly by his arms, whereupon the Officers rushed into the Home.

16. One of the Officers maintained the Plaintiff in the front-yard of the Home while other Officers searched the Home. Such search was conducted without a properly issued search warrant.

17. Upon his unlawful removal from his Property, the Officers inquired as to whether or not Plaintiff had any firearms at the Home.

18. Plaintiff responded in the affirmative that he had firearms properly owned and licensed.

19. Despite this admission, the Officers proceeded to search the Plaintiff's home. They did not advise what they were looking for.

20. At no time relevant to the facts hereto was Plaintiff ever presented with or shown a search warrant for the Home.

21. At no time was Plaintiff advised as to the reason for the removal of his person from the subsequent warrantless search of the Home by the Officers.

22. At no time relevant to the facts hereto did Defendants obtain a search warrant to conduct a search of the Home.

23. In the course of the search for weapons already acknowledged to be present and duly registered by the Plaintiff, the officers located the Plaintiff's cell phone and opened and searched its contents without asking the Plaintiff for permission to do so. Again there was no search warrant shown or issued with regard to the search of the personal belongings of the Plaintiff located within the Home.

24. Despite this unlawful and intrusive warrantless search, no items were seized from the Home by the Officers who performed the search.

25. In the course of the unlawful search a loaded revolver was located in plain view on a shelf between the rear family room and the kitchen and there was also a BB gun (a non-lethal weapon) leaning against the same shelf.

26. As a direct result of the foregoing, Plaintiff has suffered emotional distress and anguish, a deprivation of his rights under the 4th Amendment of the Constitution of the United States and the Constitution of the State of New Jersey as a direct and proximate cause of Defendants' misconduct.

27. Plaintiff was not subsequently arrested or charged with any crime.

28. As a direct result of the foregoing, Plaintiff suffered emotional stress and anguish, as a direct result and proximate cause of the Defendants', and each of them, misconduct.

### COUNT I - 42 U.S.C. § 1983

### Unlawful Search and Seizure

29. Each of the foregoing paragraphs of this Complaint are incorporated herein as if restated fully herein.

30. At all times relevant hereto, one or more of the Defendants, all while acting individually, jointly, under color of law, and within the scope of their employment violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution and the

Constitution of the State of New Jersey by entering and searching the Home without a search warrant and deprived Plaintiff of his rights under the 4th Amendment of the United States Constitution and the Constitution of the State of New Jersey.

31.  At all times relevant hereto, one or more of the Defendants, all while acting individually, jointly, under color of law, and within the scope of their employment did not have good cause and/or acted without a reasonable belief that probable cause existed to search the home and deprived Plaintiff of his rights under the 4th Amendment of the United States Constitution and the Constitution of the State of New Jersey.

32.  At all times relevant hereto, one or more of the Defendants, all while acting individually, jointly, under color of law, and within the scope of their employment did not have exigent circumstances to justify the unlawful search of the Home and deprived Plaintiff of his rights under the 4th Amendment of the United States Constitution and the Constitution of the State of New Jersey.

33.  The misconduct described herein was done maliciously and was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights under the 4th Amendment of the United States Constitution and the Constitution of the State of New Jersey.

34.  As a result of these violations, Plaintiff suffered injuries, including but not limited to, severe emotional distress and anguish and was deprived of his rights under the 4th Amendment of the United States Constitution and the Constitution of the State of New Jersey.

## COUNT II – STATE LAW CLAIM

### Civil Conspiracy

35. Each of the foregoing paragraphs of this Complaint are incorporated herein as if restated fully herein.

36. As described more fully in the preceding paragraphs, Defendants, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

37. In furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity described hereinabove.

38. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

39. As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered damages, including severe emotional distress and anguish and deprivation of his rights under the 4th Amendment of the United States Constitution and the Constitution of the State of New Jersey.

## COUNT III – STATE LAW CLAIM

### Intentional Infliction of Emotional Distress

40. Each of the foregoing paragraphs of this Complaint are incorporated herein as if restated fully herein.

41. The acts and conduct of the Defendant Officers as set forth above were extreme, dangerous and outrageous. The Defendant Officers intended to cause or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff, as more fully alleged above.

42. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

43. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, deprivation of his rights under the 4th Amendment of the United States Constitution and the Constitution of the State of New Jersey.

## COUNT IV – STATE LAW CLAIM

### Respondeat Superior

44. Each of the foregoing paragraphs of this Complaint are incorporated herein as if restated fully herein.

45. In committing the acts alleged in the preceding paragraphs, each of the Officers were members of, and agents of, the DTPD and Deptford Township acting at all relevant times within the scope of their employment and under color of law.

46. Defendant, Deptford Township, is liable as principal for all torts committed by its agents.

47. As a proximate result of the wrongful acts of Deptford Township, Plaintiff suffered damages including severe emotional distress and anguish, and the deprivation of his rights under the 4th Amendment of the United States Constitution and the Constitution of the State of New Jersey.

## COUNT V – STATE LAW CLAIM

### Indemnification

48. Each of the foregoing paragraphs of this Complaint are incorporated herein as if restated fully herein.

49. New Jersey law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

50. The Officers are or were employees of Deptford Township, who acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, Plaintiff, John Murphy, demands the follow relief against the Defendants:

A. The actions of the Defendants be declared unconstitutional;

B. Compensatory damages for pain, suffering, stress, humiliation and mental anguish;

C. Punitive damages;

D. Attorney's fees, interest and costs of suit; and

E. Any other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff, John Murphy, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) as to all issues so triable.

## CERTIFICATION

I, MICHAEL RAKOSKI, declare under penalty of perjury that the foregoing is true and correct.

BY: _____
MICHAEL RAKOSKI, ESQ.
RAKOSKI & ASSOCIATES, LLC
46 S. Maple Ave, 2nd Floor
Marlton, New Jersey 08053

DATED: 10/29/20

*Attorney for Plaintiff*